Honorable Harold McCracken
Assistant District Attorney
Dallas, Texas

Dear Sir;

Opinion No. O-271
Re; Whether S. B. No. 24, being
an amendment to Article
7047c, R.C.S., requires the
placing of stamps upon liens
taken by building and loan
associations.

We are in receipt of your letter of June 23, 1939,
wherein you direct our attention to Section 7 of the Build-
ing and Loan Code, as amended by Senate Bill No. 13 of the
Forty-sixth Legislature, which provides among other things
as follows;

"The Banking Commissioner of Texas shall
have supervision over and control of all
Building and Loan Associations doing business
in this state * * * shall be charged with the
execution of the laws of this state relating
to such Associations. All such Building and
Loan Associations shall be deemed and are
hereby declared to be instrumentalities and
agencies of the state government and shall be
charged with the duty and responsibility to
act as fiscal agents for the state when re-
quested to do so * * *".

You request our opinion as to whether or not mortgages
taken by building and loan associations are required to be
stamped in accordance with the provisions of Senate Bill No. 24
enacted by the Forty-sixth Legislature before the same are en-
titled to be recorded.

Said Senate Bill No. 24, which is an amendment to Arti-

cle 7047a, R. C. S. of Texas, in substance provides for the levy of a tax of ten cents on each $100.00, or fraction thereof, over the first $200.00 on all notes and obligations secured by certain lien instruments which are filed or recorded in the office of the County Clerk under the registration laws of this state. It is further provided that no such instrument shall be filed or recorded by any County Clerk in this state until there has been affixed to such instrument stamps in accordance with the provisions of such Act. Among other exceptions such Act contains the following:

> "This Section shall not apply to instruments, notes or other obligations taken by or on behalf of the United States, or of the State of Texas, or any corporate agency or instrumentality of the United States, or of the State of Texas in carrying out a governmental purpose as expressed in any Act of the Congress of the United States, or of the Legislature of the State of Texas * * *"

From a careful reading of Senate Bill No. 24, and in particular the exception with which we are here concerned, it becomes apparent that an instrument taken by a corporate agency or instrumentality of the State of Texas is not exempt from the requirement of being stamped, unless the same is taken by or on behalf of such an agency or instrumentality in carrying out a governmental purpose as expressed in an act of the Legislature of the State of Texas. The mere fact that Senate Bill No. 13 provides that such building and loan associations shall be deemed instrumentalities and agencies of the State government, and shall be charged with the duty and responsibility to act as fiscal agents for the State when requested to do so, does not mean that every transaction in which such a building and loan association shall engage is a transaction carrying out a governmental purpose, as expressed in an Act of the Legislature. In limiting the exemption extended to agencies of the State of Texas to those instruments taken in carrying out such a governmental purpose, it was clearly intended by the Legislature that all other instruments taken by such agencies should be subject to the tax.

Our answer to your question, therefore, is that instruments, notes and other obligations taken by building and loan associations are not exempt from the stamp tax, unless the same

are taken by such associations in carrying out some governmental purpose, as expressed in an act of the Legislature.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By _Glenn R. Lewis_

Glenn R. Lewis
Assistant

GRL-MR

APPROVED JUN 28, 1939

_Gerald C. Mann_

ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE
BY _____
CHAIRMAN